IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **SEALED,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  6:22-CV-00438-JCB** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SEALED,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On November 16, 2022, Plaintiff Judy Brown, proceeding pro se, filed this civil action

asserting claims for violations of the False Claims Act ("FCA") and for retaliation. (Doc. No. 1.)

This case was referred to the undersigned for findings of fact, conclusions of law, and

recommendations for the disposition of the action pursuant to 28 U.S.C. § 636. For the reasons set

forth herein, the court **RECOMMENDS** that Plaintiff's FCA claims brought pursuant to 31 U.S.C.

§ 3729(a)(1) and § 3730(b)(1) be dismissed without prejudice unless Plaintiff files a notice of

appearance of counsel within **30 days** of the receipt of this report and recommendation, and that

Plaintiff file an amended complaint limited to her § 3730(h) retaliation claim which shall thereafter

be served on Defendants in accordance with Federal Rule of Civil Procedure 4(m).

**BACKGROUND**

Plaintiff alleges that in October of 2020, she started as a collections specialist with

Defendant Alixa-RX. (Doc. No. 1, at 8.) Plaintiff alleges that her job involved collecting

outstanding balances from patients in long-term care facilities. *Id*. Plaintiff alleges that Defendants

started mailing out statements for over-the-counter medications to Medicaid patients that they had

changed to private pay in their system. *Id.* Plaintiff asserts that she was told that this was a
computer glitch in the system. *Id.* Plaintiff contends that she later learned though phone calls with
county administrators and patient family members that the medications on the statements being
sent out were covered under the facility's cost report that was submitted and paid for by Medicaid.
*Id.* at 9. Plaintiff alleges that the statements dated back to 2019 and were for amounts ranging from
$1200 to $2500. *Id.*

As a result, Plaintiff alleges that she filed a civil action in Collin County, for violations of
company policy and fraudulent employment, which was ultimately removed to federal court and
dismissed. *Id.* at 10. Plaintiff states that after Defendants were served in that action, she endured a
hostile work environment in that Defendants had turned off the toll-free billing line to her phone,
instructed her to stay at her desk, forced her to attend meetings about the lawsuit, and eventually
forced her to leave her position. *Id.* Plaintiff further alleges that Defendants failed to timely send
out her W-2. *Id.* at 16. Plaintiff alleges that she was told via letter that Defendants' system had
been subject to a computer virus for which an active investigation was ongoing and that she was
informed that her social security number, driver's license, and/or financial account information
may have been accessed by an unauthorized actor. *Id.* Plaintiff alleges that she contacted both the
IRS and Social Security and neither had been notified of the computer virus and had yet to receive
her earnings record for 2021 from Defendants. *Id.*

Based on these allegations, Plaintiff asserts claims pursuant to 31 U.S.C. § 3729(a)(1) and
§ 3730(b)(1), as well as a claim for retaliation pursuant to § 3730(h). *Id.* at 12–17.

On January 19, 2023, Plaintiff filed a motion to unseal this case. (Doc. No. 3.) Thereafter,
the court issued an order informing Plaintiff that a qui tam action can only be unsealed if the
government does not elect to intervene within 60 days of being served and ordered Plaintiff to file

proof of service of the complaint and material evidence on the government. (Doc. No. 5.) Thereafter, the court granted Plaintiff an extension on service and ordered her to provide proof of service on the government by May 26, 2023. (Doc. No. 13.) As there was no proof yet that the government had been served, the court denied Plaintiff's emergency motion to unseal. *Id.* Thereafter, on May 8, 2023, Plaintiff provided proof of service on the government, attaching a USPS delivery receipt for the U.S. Attorney in Tyler, Texas on May 4, 2023, and a USPS delivery notice that that materials sent to the Attorney General were available for pickup at the government mails annex in Washington D.C. and were picked up on May 5, 2023. (Doc. No. 14-1.) The government declined intervention on July 19, 2023. (Doc. No. 17.)

## DISCUSSION

### A.  Claims Brought Pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) of the FCA

As discussed, Plaintiff asserts claims under the FCA, alleging that Defendants engaged in double billing by submitting claims for medications on a cost report paid by Medicaid, and then converting the claims to private pay and having them go to collections presumably to be paid by the patients.[1] (Doc. No. 1.) The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a); *see Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a qui tam action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

---

[1] The court makes no determination herein whether such a claim would be viable under the FCA; rather, the court simply accepts the allegations as pleaded.

Court have held, however, that a private person cannot proceed pro se as a relator in a RCA qui tam action on behalf of the United States. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se.*"); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the qui tam plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer .... A nonlawyer can't handle a case on behalf of anyone except himself." (citations omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam) (holding a plaintiff may not bring a qui tam FCA action as a pro se relator); *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) ("given our precedent regarding pro se representation and the consensus amongst all circuits to have squarely considered the issue, we readily conclude that Appellant cannot bring a pro se FCA qui tam action."); *see also Nuttall v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-3342-M-BK, 2022 WL 3582777, at *2 (N.D. Tex. June 3, 2022) (same); *Doe v. Yackulic*, No. 4:18-cv-84, 2019 WL 1301998, at *5 (E.D. Tex. Feb. 19, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 1299364 (E.D. Tex. Mar. 21, 2019).

The Fifth Circuit has not yet considered the precise issue of whether a relator may proceed pro se in a FCA qui tam action. Although the Fifth Circuit has decided a pro se appeal from a qui tam trial, it did so without addressing the lack of counsel issue. *See U.S. ex rel. Heath v. Dallas-Fort Worth Intern. Airport Bd.*, 260 F. App'x. 708, 711 (5th Cir. 2007) (per curiam). As a result, the court does not interpret that decision to represent the Fifth Circuit's tacit approval of relators proceeding pro se in qui tam actions, particularly in light of recent Fifth Circuit precedent. Recently, the Fifth Circuit considered the parameters of 28 U.S.C. § 1654, holding that the statute allows a pro se parent to proceed on behalf of her child in federal court when the child's case is

4

the parent's "own." *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The relevant question in this case is thus whether federal or state law designates a FCA qui tam action as belonging to the relator, such that a relator should be permitted to proceed with the action pro se as their "own".

Here, the relevant federal statute provides that a person may bring a civil action for a violation of the FCA "for the person *and* for the United States Government." § 3730(b)(1) (emphasis added). It further provides that the action must be brought in the name of the government, and that the action may be dismissed only if the court and the Attorney General give written consent to the dismissal. *Id.* Thus, while the statute allows a relator to bring a civil qui tam action, the real party in interest is the government. Further, where the government elects not to proceed with the action, it affords the relator the right to "conduct the action." § 3730(c)(3). The ability of a relator to "conduct the action" does not plainly confer the action as the relator's "own." Indeed, even if the government does not intervene in a qui tam action brought pursuant to the FCA, "the United States is bound by the relator's actions for purposes of res judicata and collateral estoppel." *Stoner v. Santa Clara Cty. Office of Educ.,* 502 F.3d 1116, 1126 (9th Cir. 2007) (internal quotation marks omitted).

The text of the statute suggests that the relator is tasked with conducting the action in a manner that would represent the rights of both the relator and the government. This is of particular importance in FCA cases because the FCA only allows for one person to bring a qui tam action based on the specific underlying facts, which means that a pro se relator pursuing a claim could very well prevent another better-equipped plaintiff from pursuing the claim. *See* 31 U.S.C. §

3730(b)(5) (first filed action bars future qui tam actions). While the statute does not expressly bar actions that are brought by a pro se relator, it also does not sanction them. *See United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951) (concluding that where Congress did not authorize a laymen to proceed with suit, it "must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself."). Because there is no federal or state law that designates a violation of the FCA as a case belonging to the relator, applying the Fifth Circuit's reasoning in *Raskin*, as well as the other circuit holdings that have decided the issue presented, the court concludes that a relator may not proceed pro se in a FCA qui tam action. *Flaherty*, 540 F.3d 89, 93–94.

As such, the court finds that Plaintiff's FCA claims brought pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) should be dismissed without prejudice unless Plaintiff files a notice of appearance of counsel within **30 days** of receipt of this order. *Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (noting that dismissal without prejudice is the proper remedy when a pro se plaintiff purports to bring claims on behalf of others). A dismissal without prejudice does not foreclose a subsequent suit filed by an attorney.

### B. Retaliation Claim Under 31 U.S.C. § 3730(h)

As discussed, Plaintiff also alleges a retaliation claim for withholding her W-2 forms presumably for filing a civil action against Defendants in state court. (Doc. No. 1.) Although Plaintiff's complaint does not identify this claim specifically as a claim brought pursuant to 31 U.S.C. § 3730(h), affording the pleadings a liberal construction, the court interprets it as such. Moreover, Plaintiff's recent filing seems to indicate that she views § 3730(h) as the basis for this action. *See* Doc. No. 18. As to that claim, the interest is entirely Plaintiff's own and thus the court

6

knows of no prohibition on Plaintiff proceeding with her retaliation claim pro se. *See United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) ("With regard to [a] claim of retaliatory discharge under 31 U.S.C. § 3730(h), such a claim may be brought pro se, because it is not a claim on behalf of the Government."). Thus, Plaintiff's § 3730(h) claim for retaliation remains pending in this action regardless of whether Plaintiff obtains counsel. The court **RECOMMENDS** that Plaintiff be permitted to file an amended complaint, limited to this claim, which then may be served on Defendants in accordance with Rule 4.

### C.  Unsealing This Action

Plaintiff has filed several motions to unseal this action (Doc. Nos. 3, 12, 16) and requests a hearing (Doc. No. 18). In its declination of intervention, the United States requests that the complaint, the notice of declined intervention, and attached proposed order be unsealed but that "all other papers on file in this action remain under seal because, in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (Doc. No. 17, at 2.)

Pursuant to the FCA, the complaint in a qui tam action must be filed under seal. 31 U.S.C. § 3730(b)(2). Although the FCA specifically provides for the unsealing of the complaint after intervention, it does not consider whether other materials filed in the case should be unsealed. Courts that have directly addressed whether the FCA contemplates the unsealing of all documents filed in a qui tam action have held that "by permitting in camera submissions, the statute 'necessarily invests the court with authority either to maintain the filings under seal or to make them available to the parties.'" *United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F.

Supp. 2d 854, 858 (N.D. Ill. 2006) (quoting *United States ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 173 (D. Mass. 2004)).

Courts have long recognized that the public has a common law right of access to judicial proceedings and records and thus public disclosure is favored. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 599, 597 (1978); *S.E.C. v. Van Waeyenberghe et al*., 990 F.2d 845, 848 (5th Cir. 1993). In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *Id.* at 602; *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). The court considers "the relevant facts and circumstances of the particular case," and weighs "the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.*; *United States v. Mitchell*, 551 F.2d 1252, 1260 (D.C. Cir. 1976). "Because no clear rules can be articulated as to when judicial records should be closed to the public, the decision to do so necessarily rests within the sound discretion of the courts, subject to appellate review for abuse." *Mitchell*, 551 F.2d at 1260.

The court has reviewed the docket entries in this case and finds that none of the filings of record warrant maintaining the seal over the entire case. There is nothing present on the docket that would, for example, disclose confidential investigative techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties. *See Yannacopolous*, 457 F. Supp. at 858. The government has declined intervention and the court has recommended dismissal of the asserted FCA claims in which the government has an interest. There are no intervention extensions on file or any other documents that would reveal confidential investigative techniques. The docket entries amount to nothing more than routine filings.

Accordingly, the court **RECOMMENDS** that this action be unsealed in its entirety. The Clerk of Court shall send a copy of this report and recommendation to the United States Attorney

for the Eastern District of Texas along with a copy of all filings in this action to date. Should the government have any objection to the unsealing of this action, or any particular docket entry, the government shall file a notice showing good cause for why any such document should remain under seal within **14 days** of receipt of this report and recommendation.

## CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** that Plaintiff's FCA claims brought pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) be dismissed without prejudice unless Plaintiff files a notice of appearance of counsel within **30 days** of receipt of this order. The court **FURTHER RECOMMENDS** that Plaintiff be permitted to file an amended complaint limited to her § 3730(h) retaliation claim, which may then be served on Defendants. The court **RECOMMENDS** that this case be unsealed in its entirety. The Clerk of Court is **ORDERED** to send a copy of this report and recommendation to the United States Attorney for the Eastern District of Texas, along with a copy of all filings in this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 25th day of July, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE