UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00438

**Judy D. Brown,**
*Plaintiff,*

v.

**Alixa-RX et al.,**
*Defendants.*

### ORDER

Plaintiff Judy Brown, proceeding pro se, filed the above-styled action asserting claims for violations of the False Claims Act ("FCA"). The case was referred to United States Magistrate Judge John D. Love. On July 19, 2023, the United States filed a notice of declined intervention. Doc. 17. Thereafter, Judge Love issued a report and recommendation (Doc. 19), recommending that plaintiff's FCA claims brought pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) be dismissed without prejudice unless plaintiff files a notice of appearance of counsel within 30 days of the receipt of the report and recommendation, and file an amended complaint limited to her § 3730(h) retaliation claim. Plaintiff acknowledged receipt of the report and recommendation on August 3, 2023. Doc. 21. To date, no objections have been filed and the time period for doing so has passed. No notice regarding counsel or appearance of counsel has been filed in this matter. Plaintiff, however, filed an amended complaint on August 7, 2023. Doc. 22.

When no party objects to the magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation (Doc. 19). As plaintiff has not filed a notice that she has obtained counsel and no legal counsel has filed a notice of appearance in this matter, plaintiff's FCA claims brought pursuant to 31 U.S.C.

§ 3729(a)(1) and § 3730(b)(1) are subject to dismissal without prejudice. *Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007).

Although the report and recommendation instructed plaintiff to submit an amended complaint limited to her 31 U.S.C. § 3730(h) claim, plaintiff's amended complaint continues to assert FCA claims pursuant to § 3729(a)(1) and § 3730(b)(1). As explained in the report and recommendation, plaintiff cannot proceed with those claims unless she is represented by counsel, which she is not. *See, e.g.*, *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008). Accordingly, plaintiff's FCA claims brought pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) are dismissed without prejudice.

Additionally, Plaintiff's amended complaint purports to bring a claim pursuant to 18 U.S.C. § 1347 for health-care fraud. Doc. 22. Plaintiff cannot bring an individual action under this federal criminal statute, however, because she is not vested with power to prosecute criminal cases. *See Higgins v. Neal*, 52 F.3d 337 (10th Cir. 1995); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242"); *see also Perry v. State of Texas Corp.,* No. 3:19-CV-2611-N (BH), 2022 WL 2657334, at *10 (N.D. Tex. Apr. 4, 2022), *report and recommendation adopted,* No. 3:19-CV-2611-N (BH), 2022 WL 2652133 (N.D. Tex. July 8, 2022) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (quoting *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010)). Accordingly, the court lacks jurisdiction over such a claim, and it is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

In filing her amended complaint that reasserts the § 3729(a)(1) and § 3730(b)(1) claims against previous instruction, and in adding a criminal claim for which the court also does not have jurisdiction, plaintiff leads the court to find that ordering any further amendment in this case would be futile at this juncture. The only remaining claim

in this matter is plaintiff's retaliation claim brought pursuant to 31 U.S.C. § 3730(h).

Moreover, while this case was still sealed, plaintiff appears to have manufactured summons and attempted to serve defendants in this case. Doc. 23. The clerk had not reissued summons and plaintiff had not yet been permitted to serve defendants in this matter. Thus, plaintiff's attempted service is improper. Given that plaintiff is proceeding pro se and has attempted improper service, the clerk shall reissue the summons, and service of the summons and amended complaint (Doc. 22) shall be perfected by the United States Marshal without cost to plaintiff.

Finally, there is no longer a basis for this case to remain under seal and, consistent with the rationale of the report and recommendation, the court orders the clerk to unseal this action in its entirety. Plaintiff's motions (Docs. 3, 16, 18) are denied as moot.

*So ordered by the court on September 21, 2023.*

J. CAMPBELL BARKER
United States District Judge