IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JUDY D. BROWN,** § § § **Plaintiff,** § § **v.** § § **ALIXA-RX, LORRAINE DYER, KELLY SIMPSON,** § § § § **Defendants.** § | **CIVIL ACTION NO. 6:22-CV-00438-JCB** |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants' Alixa-RX, Lorraine Dyer, and Kelly Simpson (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 27.) Plaintiff filed a response in opposition. (Doc. No. 29.) For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 27) be **GRANTED** and that the sole remaining claim in this action be dismissed with prejudice.

### BACKGROUND

On November 16, 2022, Plaintiff Judy Brown, proceeding pro se, filed this civil action asserting claims for violations of the False Claims Act ("FCA"). (Doc. No. 1.) Thereafter, the case was stayed while the government conducted an investigation into the claims. On July 19, 2023, the government filed a declination of intervention in this action. (Doc. No. 17.) On July 25, 2023, the court issued a report and recommendation recommending that Plaintiff's FCA claims brought pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) be dismissed without prejudice unless Plaintiff filed a notice of appearance of counsel within 30 days of receipt of the court's

recommendation. (Doc. No. 19.) The court further recommended that Plaintiff be allowed to amend her complaint and that the case be unsealed. *Id.* While the report and recommendation was pending, Plaintiff filed an amended complaint still pursing her FCA claims and adding additional claims for health care fraud. (Doc. No. 22.) Plaintiff, however, did not obtain counsel during the 30-day time-period she was allotted to obtain counsel to proceed with her FCA claims, nor did she seek an extension of time to obtain counsel. Indeed, Plaintiff did not indicate any desire for representation in this matter, nor did she seek the court's assistance in finding counsel, and she continued to file documents pro se. Therefore, on September 21, 2023, Plaintiff's FCA claims brought pursuant to 31 U.S.C. § 3729(a)(1) and § 3730(b)(1) were dismissed without prejudice. (Doc. No. 24.) In addition, Plaintiff's claim pursuant to 18 U.S.C. § 1347 for health-care fraud was dismissed without prejudice for lack of jurisdiction, and the case was unsealed. *Id.* Therefore, the only remaining claim before the court is plaintiff's retaliation claim brought pursuant to 31 U.S.C. § 3730(h). Defendants now move to dismiss this claim.

    a. **Plaintiff's Allegations**

Plaintiff alleges that in October of 2020, she started as a collections specialist with Defendant Alixa-RX. (Doc. No. 22, at 7.) Plaintiff alleges that her job involved collecting outstanding balances from patients in long-term care facilities. *Id*. Plaintiff alleges that Defendants started mailing out statements for over-the-counter medications to Medicaid patients that they had changed to private pay in their system. *Id.* Plaintiff asserts that she was told that this was a computer glitch in the system. *Id.* Plaintiff contends that she later learned though phone calls with county administrators and patient family members that the medications on the statements being sent out were covered under the facility's cost report that was submitted and paid for by Medicaid. *Id.* at 8. Plaintiff alleges that the statements dated back to 2019 and were for amounts ranging from

$1200 to $2500. *Id.* Plaintiff alleges that she collected over $100,000 from the 500 statements Defendants mailed out. *Id.* Plaintiff alleges that in February 2021, a management meeting was held regarding these calls with the Manager of HUB in Minnesota and that Plaintiff was instructed to no longer make these calls. *Id.* at 9.

Plaintiff alleges that she filed a civil action in Collin County, for violations of company policy and fraudulent employment, which was ultimately removed to federal court and dismissed. *Id.* Plaintiff states that after Defendants were served in that action, she endured a hostile work environment in that Defendants had turned off the toll-free billing line to her phone, instructed her to stay at her desk, forced her to attend meetings about the lawsuit, and eventually forced her to leave her position. *Id.* Plaintiff further alleges that Defendants failed to timely send out her W-2. *Id.* at 16. Plaintiff alleges that she was told via letter that Defendants' system had been subject to a computer virus for which an active investigation was ongoing and that she was informed that her social security number, driver's license, and/or financial account information may have been accessed by an unauthorized actor. *Id.* Plaintiff alleges that she contacted both the IRS and Social Security and neither had been notified of the computer virus and had yet to receive her earnings record for 2021 from Defendants. *Id.*

**LEGAL STANDARD**

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual

3

allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendants first move to dismiss the claims against Defendants Dyer and Simpson because Defendants argue that they cannot be held individually liable. (Doc. No. 27, at 5–6.) Second, Defendants move to dismiss the claims against Alixa RX for failure to state a claim under a claim under § 3730(h). *Id.* at 6–10. Plaintiff responds stating that this case was never a qui tam action because there "were never any claims filed with the government for damages nor was the government ever listed as a Plaintiff as a Party of Interest." (Doc. No. 29, at 1.) Plaintiff further cites to § 3729(b)(1) of the FCA, reiterates her facts regarding retaliation for the filing of her civil suit, and emphasizes that Defendants are stealing money from senior citizens and their families and that they need to be stopped. *Id.* at 2–6.

As discussed above, the only remaining claim in this action is Plaintiff's claim brought pursuant to 31 U.S.C. § 3730(h). The court will therefore consider this claim with respect to the named Defendants as raised in Defendants' motion.

**A. Claim Against Defendants Dyer and Simpson**

With respect to the individual Defendants, Defendants argue that the § 3730(h) must be dismissed because the FCA's anti-retaliation provision does not allow for individual liability. (Doc. No. 27, at 5–6.) Plaintiff does not directly address the issue of individual liability. (Doc. No. 29.)

Section 3730(h) provides that:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730.

The Fifth Circuit has emphasized that the FCA has not expanded liability to individual non-employer defendants. *Howell v. Town of Ball*, 827 F.3d 515, 529–30 (5th Cir. 2016) ("viewing the changes to § 3730(h) as a whole, it is clear that the reference to an 'employer' was deleted to account for the broadening of the class of FCA plaintiffs to include 'contractors' and 'agents,' not to provide liability for individual, non-employer defendants.")

Here, Plaintiff does not allege that Defendants Dyer or Simpson were employers, contractors, or agents under the statute such that they would be subject to liability for retaliation pursuant to § 3730(h). (Doc. No. 22.) Indeed, Plaintiff's factual allegations seem to imply that Defendant Simpson was her supervisor and that Defendants Dyer and Simpson were involved in meetings regarding her lawsuit. *Id.* at 8–9. Plaintiff's response to Defendants' motion reiterates

this inference and indicates that Defendant Dyer was the Manager of the Collection Department. (Doc. No. 29, at 2.) These factual allegations are insufficient to suggest that either Defendant Dyer or Defendant Simpson can be held individually liable under § 3730(h). Accordingly, the court agrees that Plaintiff's § 3730(h) against Defendants Dyer and Simpson should be dismissed. *See Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999), aff'd, 220 F.3d 584 (5th Cir. 2000) (dismissing § 3730(h) claims against individual defendants because they did "not fall within the definition of 'employer,' as required by the statute, while acting in their individual capacities.").

### B. Claim Against Alixa RX

Defendants argue that the § 3730(h) against Alixa RX must be dismissed because Plaintiff has failed to allege facts that satisfy the elements of the claim. (Doc. No. 27, at 6–10.) Plaintiff's response does not acknowledge the specific elements of a § 3730(h) claim. (Doc. No. 29.)

A successful claim brought pursuant to § 3730(h) requires a showing that: (1) the employee engaged in activity protected under the statute; (2) that her employer knew that she engaged in protected activity; and (3) that she was discharged because of it. *U.S. ex rel. Patton v. Shaw Servs., L.L.C.,* 418 F. App'x 366, 371–72 (5th Cir. 2011). Nonetheless, to prevail on a claim under 31 U.S.C. § 3730(h), it is not necessary that the employee develop "a winning qui tam action." *See Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 789 (W.D. Tex. 2013) (citing *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 739 (D.C. Cir. 1998)). At the pleading stage, is it only necessary that Plaintiff allege facts to plausibly infer that the elements of the claim could be met. *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) (explaining that while plaintiff "need not plead a prima facie case, she is not exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'").

6

Defendants argue that Plaintiff has not alleged that she engaged in protected activity because her allegations are too vague to suggest that Plaintiff was attempting to expose illegality or fraud when she filed her lawsuit in Collin County. (Doc. No. 27, at 7.) The court agrees.

The Fifth Circuit has held that complaints that "concern false or fraudulent claims for payment submitted to the government" can qualify as protected activity under the Act if the complaints raise concerns about fraud. *See Patton*, 418 F. App'x. at 372 (citing *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 952 (5th Cir. 1994)). Here, although Plaintiff alleges that she filed a lawsuit against Defendants in Collin County, Plaintiff states that lawsuit involved violations of Defendant's company policy and fraudulent employment. (Doc. No. 22, at 9.) Plaintiff does not allege that this complaint contained any allegations of fraudulent claims for payment submitted to the government.

Even to the extent it could be inferred from the pleadings that Plaintiff's 2021 lawsuit may have contained allegations of such fraud, Plaintiff's complaint fails to state a claim under § 3730(h) because she does not allege that Defendants were on notice that she was investigating fraud. Under the second prong of § 3730(h) an employer must be on notice that the employee is investigating fraud. *Robertson*, 32 F.3d at 952. "Notice can be accomplished by expressly stating an intention to bring a qui tam suit, but it may also be accomplished by any action which a factfinder reasonably could conclude would put the employer on notice that litigation is a reasonable possibility." *United States ex rel. Williams v. Martin–Baker Aircraft Co.*, 389 F.3d 1251, 1262 (D.C. Cir. 2004) (internal alteration omitted). Although Plaintiff plainly alleges that Defendants were aware of her 2021 lawsuit, she does not allege any facts to suggest that this complaint contained allegations of fraud or that Defendants were aware that she was investigating fraud. Rather, Plaintiff's allegations state

that Defendants removed the case to federal court because it involved Title VII claims. (Doc. No. 22, at ¶ 23.)

Finally, because Plaintiff has not alleged that she engaged in protected activity under § 3730(h), or that Defendants knew that she was investigating fraud, she has failed to allege facts that she was discharged from her duties on account of her engagement in protected activity. "The last element required to prove a False Claims Act retaliation claim is that the employer's 'retaliation was motivated by the protected activity.'" *See U.S. ex rel. George v. Bos. Sci. Corp.*, 864 F. Supp. 2d 597, 609 (S.D. Tex. 2012) (quoting *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 422 (D.C. Cir. 2005)). While Plaintiff makes allegations regarding a hostile work environment and the withholding of her W-2, she establishes no causal connection between these actions and any protected activity under § 3730(h). As such, Plaintiff has failed to state a claim for relief pursuant to 31 U.S.C. § 3730(h).

Plaintiff has failed to respond to Defendants' motion with respect to the deficiencies that they have pointed out regarding the elements of her § 3730(h) claim. She further does not ask the court to be afforded another opportunity to amend her complaint. Nonetheless, even if Plaintiff had requested to file a second amended complaint, the court finds that amendment would be futile. Where Plaintiff has pleaded her "best case," and has failed to address the deficiencies in her complaint despite opportunity to do so, any further amendment would be futile. *See Dougherty v. United States Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *6 (5th Cir. Sept. 19, 2023); *Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, Plaintiff has already amended her complaint once and failed to overcome the deficiencies in her initial complaint. *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) ("[T]he plaintiff remains the master of [her]

complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim."). Further, she has not provided any information in her responsive brief to suggest that a different outcome on her § 3730(h) claim could be cured by amendment. As such, allowing further amendment would be futile and Plaintiff's § 3730(h) claim is subject to dismissal. *See Mandujano v. City of Pharr*, 786 F. App'x 434, 438 (5th Cir. 2019).

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendants' motion (Doc. No. 27) be **GRANTED** and that Plaintiff's claim pursuant to 31 U.S.C. § 3730(h) be dismissed with prejudice.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 19th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE